# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JACQUELINE McCAULEY,

                **Plaintiff,**

-vs-                                       **Case No.  6:04-cv-1460-Orl-18KRS**

PROTECTION CONSULTANTS, INC.,
MICHAEL HARGREAVES,

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the Plaintiff's Motion for Entry of Final Default Judgment as to Both Defendants.  Doc. No. 15.  Neither Protection Consultants, Inc. (PCI) nor Michael Hargreaves have responded to the motion for entry of default judgment.  This matter was referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b).

## I.      PROCEDURAL HISTORY.

      On October 6, 2004, Jacqueline McCauley filed a complaint against PCI and Hargreaves, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, Chapter 448 of the Florida Statutes, and Florida common law.  Doc. No. 1.  McCauley alleges that PCI and Hargreaves failed to pay her overtime compensation and that PCI failed to pay her regular wages while she was employed by PCI.  McCauley also seeks liquidated damages, attorney's fees and costs.

The complaint was served on PCI and Hargreaves on October 14, 2004.  Doc. Nos. 7 & 8.
Neither PCI nor Hargreaves responded to the complaint.  On November 11, 2004, at McCauley's
request, the Clerk of Court entered a default against both PCI and Hargreaves.  Doc. No. 10.  On
March 11, 2005, McCauley filed a motion for entry of final default judgment as to both
defendants.  Doc. No. 15.

## II.    STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which
are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu
Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not
held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in
considering a motion for default judgment, a court must examine the sufficiency of the allegations
in the complaint to determine whether the plaintiff is entitled to a default judgment.  *Fid. &
Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations
relating to the amount of damages are not admitted by virtue of default.  Rather, the Court
determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port
Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the
Court may hold a hearing for the purposes of assessing damages.  *Transatlantic Marine Claims
Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2nd Cir. 1997) (citing Federal Rule of Civil
Procedure 55(b)(2)).  However, a hearing is not necessary if sufficient evidence is submitted to
support the request for damages.  *Id.*

### III.   ALLEGATIONS OF THE COMPLAINT.

McCauley was employed by PCI and engaged in commerce as defined by the FLSA.

Complaint ¶¶ 4-7.  Hargreaves owned or was an officer of PCI at all times relevant to McCauley's

FLSA claim and he was "substantially in control of the terms and conditions of [her] work[.]"

Complaint ¶¶ 8-9.  PCI and Hargreaves willfully failed to compensate McCauley at the statutory

overtime rate for work in excess of forty hours a week.  *Id.* at ¶ 12.

### IV.   ANALYSIS.

A.   State Law Claims.

Before turning to the merits of McCauley's FLSA claim for unpaid overtime

compensation, I will briefly address her claim for violation of Florida Statute 448 and Florida

common law.  Chapter 448 does not provide a private right of action to collect unpaid wages.

Counsel for the plaintiff has not cited to any case law authorizing such a right of action under

Chapter 448, and I have found none.  *See, e.g.*, EMPLOYMENT IN FLORIDA: GUIDE TO

EMPLOYMENT LAWS, REGULATIONS AND PRACTICES § 3 (Lexis 2004) (noting that Florida has no

state law regulating minimum wage or hours worked); *cf. Quaker Oats Co. v. Jewell*, 818 So. 2d

574, 575 (Fla. 5th Dist. Ct. App. 2002) (finding no cause of action under Florida Statute ch. 448.01

for hourly employees).  Accordingly, PCI is not liable for any violations of Chapter 448.

To the extent that McCauley seeks to assert a claim for unpaid wages against PIC under

Florida common law, she has failed to plead any cognizable basis for such a claim.  The only

theory that seems to fit the allegations of the complaint is a breach of contract claim.  "'Under

Florida law, the elements of a breach of contract action are (1) a valid contract; (2) a material

breach; and (3) damages.'" *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. 2002) (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st Dist. Ct. App. 1992)).   The complaint does not allege that McCauley had an oral or written contract with PCI.  Because the amended complaint fails to allege the elements of a breach of contract claim, PCI did not admit that it breached a contract with McCauley when it failed to appear and file an answer.

      B.      <u>FLSA Overtime Compensation Claim</u>.[1]

      1.      *Liability.*

To prevail on a claim for payment of overtime under the FLSA, McCauley must establish the following:

First, that she was employed by PCI during the time period involved;

Second, that she was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that PCI failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

In addition, "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511

---

[1] McCauley did not assert a claim for unpaid minimum wages under the FLSA in her complaint.

(1st Cir. 1983)).  "To be personally liable, an officer must either be involved in the day-to-day

operation or have some direct responsibility for the supervision of the employee."  *Id*. at 638.

By failing to answer the complaint, PCI admits that it employed McCauley during the

relevant time period.  It admits that McCauley was engaged in commerce.  It admits that it failed to

pay overtime as required by the FLSA.  In addition, by failing to answer the complaint, Hargreaves

admits that he was substantially in control of the terms and conditions of McCauley's work.

Accordingly, PCI and Hargreaves are jointly and severally liable to McCauley for overtime

compensation due but unpaid.

2.     *Damages*.

(a)     <u>Overtime Compensation</u>.

Under the FLSA, McCauley is entitled to be paid 1 1/2 times her regular rate of pay for all

hours in excess of forty worked in a work week.  *See* 29 U.S.C. § 207(a)(1).  McCauley avers that

she was compensated at a rate of $7.50 per hour.  Doc. No. 15 (Affidavit of Jacqueline McCauley).

McCauley further avers that from November 2003 through September 12, 2004, she worked

approximately 20 hours of overtime per week and was only paid her regular hourly rate of $7.50

for those hours.  *Id*.[2]  Her attorney estimates that this constituted 43 work weeks.  McCauley attests

---

[2]  Paragraphs 4 and 5 of McCauley's complaint appear to be inconsistent.  In paragraph 5,
McCauley avers that she was paid her regular rate of pay for all work performed between
November 2003 and September 12, 2004, but that she was not paid for overtime she worked
during that period.  In paragraph 4, however, McCauley attests that she was only paid for 60 of 108
hours of work she performed between August 10 and August 29, 2004, which suggests that she did
not receive her regular rate of pay for all the time she worked between those dates in August.  The
Court need not resolve this discrepancy, however, because McCauley only seeks the difference
between her regular rate of pay ($7.50 per hour) and her overtime rate of pay (1.5[$7.50] =
$11.25), that is $3.75 per hour, for the overtime she worked between November 2003 and

that she kept track of the hours she worked during this period.[3]  *Id*.  Thus, McCauley is entitled to 860 hours[4] of unpaid overtime compensation at a rate of $3.75 per hour.  Accordingly, PCI and Hargreaves are liable, jointly and severally, to pay McCauley $3,225.00 for unpaid overtime compensation under the FLSA.

(b)   <u>Liquidated Damages</u>.

By failing to answer the complaint, PCI and Hargreaves admit that they acted willfully in failing to pay the plaintiffs the statutorily required overtime compensation.  When, as here, the defendants have not presented a defense that the failure to pay minimum wages or overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]"  29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).[5]  Accordingly, PCI and

---

September 12, 2004.

[3] It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  In this case, the defendants have not answered the complaint.  Thus, I find that McCauley's affidavit is sufficient evidence to show the amount and extent of the work she performed.  *Id*.

[4] The number of work weeks (43) multiplied by the hours of unpaid overtime compensation for each week (20).

[5] Because McCauley is entitled to liquidated damages on her FLSA claim for unpaid overtime compensation, an award of prejudgment interest is not warranted.  *See, e.g., Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).

-6-

Hargreaves are liable, jointly and severally, to pay McCauley the amount of unpaid overtime

compensation owed to her, $3,225.00, as liquidated damages.

     C.    <u>Attorney's Fees and Costs</u>.

     The FLSA mandates that in any action brought by an employee to enforce section 206 or

207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs,

allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §

216(b).  In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the

most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate."  This amount, which

is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained."  *Id*. at

434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

     McCauley seeks an award of $2,150.00 for the services provided by her attorney, Charles

L. Scalise, in connection with this case.  The "'fee applicant bears the burden of establishing

entitlement and documenting the appropriate hours and hourly rates.'"  *Am. Civil Liberties Union

v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).  Thus, the

applicant must produce satisfactory evidence that the requested rate is within the prevailing market

rates and supports the number of hours worked and the rate sought.  *Hensley*, 461 U.S. at 433.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and

the general subject matter of the time expenditures ought to be set out with sufficient particularity

so that the district court can assess the time claimed for each activity."  *Norman*, 836 F.2d at 1303.

Moreover, fee applicants must provide "fairly definite information" concerning activities

performed by each attorney.  *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996)

(quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the

appropriate hourly rate to be applied to an award of attorney's fees.  *See Scelta v. Delicatessen*

*Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

1.      *Hourly Rate.*

Scalise has been licensed in Florida since 1988.  He specializes in employment law.  Doc.

No. 15 (Affidavit of Charles Scalise).  He seeks an hourly rate of $250.00.  I find that his hourly

rate is reasonable, in the absence of objection, in light of his experience and the work he performed

in this matter.

2.      *Reasonable Number of Hours.*

McCauley submitted a detailed time statement indicating the work performed by Scalise in

this case.  Some of the time sought is not reasonably charged to PCI and Hargreaves.  Specifically,

Scalise spent 1 hour reviewing and preparing responses to show cause orders directed towards

counsel's failure to prosecute.  This work would not have been necessary had counsel timely

prepared his papers in the first instance.  Time spent correcting an error by counsel is not

appropriately charged to the opposing party.  *See, e.g., Brother v. Miami Hotel Investments, Ltd.*,

341 F. Supp. 2d 1230, 1236-39 (S.D. Fla. 2004).  Accordingly, I find that this time was not

reasonable.

Additionally, it could not reasonably take .9 hours for an attorney of Scalise's experience to review a standard track notice and interested persons order and respond thereto.  I recommend that the Court reduce these entries to .3 hours.

After these deductions, the reasonable number of hours spent by Scalise in this matter, in the absence of objection, is 7.0.

The lodestar attorney's fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Charles L. Scalise | $250.00 | 7.0 | $1,750.00 |

3.    *Costs*.

McCauley seeks an award of costs in the amount of $200.00 for reimbursement for the filing fee ($150.00) and for the costs of serving process in this case ($50.00).  Doc. No. 15 (Affidavit of Charles Scalise).  I find, in the absence of objection, that McCauley is entitled to an award of costs from PCI and Hargreaves, jointly and severally, in the amount requested.

**V.    RECOMMENDATION.**

I respectfully recommend that McCauley's Motion for Entry of Final Default Judgment as to Both Defendants (Doc. No. 15) be **GRANTED**, in part, and **DENIED**, in part.  I further recommend that the Court enter a default judgment against PCI and Hargreaves on McCauley's FLSA claim for unpaid overtime compensation and order PCI and Hargreaves to pay McCauley damages, jointly and severally, in the amount of $6,450.00; attorney's fees in the amount of $1,750.00; and costs in the amount of $200.00.  I further recommend that the Court direct the

Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties